UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| LAURA MCKENZIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 1:15-cv-210 |
| | ) | |
| LIFE INSURANCE COMPANY OF NORTH, | ) | |
| AMERICA and ALLIED PHYSICIANS, INC. | ) | |
| LONG TERM DISABILITY PLAN, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

The Plaintiff, Laura McKenzie, by and through the undersigned counsel, Bridget O'Ryan,

files this Complaint against Life Insurance Company of North America ("LINA") and Allied

Physicians, Inc. Long Term Disability Plan ("the Plan"), and as cause therefore states as

follows:

### I. JURISDICTION AND VENUE

1.  This action arises under the Employee Retirement Income Security Act of 1974

    ("ERISA"), 29 U.S.C. §1001.  The Court has jurisdiction of this case pursuant to 28

    U.S.C. §1331, in that this action arises under the laws of the United States.  Specifically,

    Laura McKenzie brings this action to enforce her rights under ERISA as authorized by

    29 U.S.C. §1132.

2.  Allied Physicians, Inc. Long Term Disability Plan is an employee benefit plan

    administered in the Northern District of Indiana.

3.  As an employee of Allied Physicians, Inc., Ms. McKenzie is a participant of the Allied

    Physicians, Inc. Long Term Disability Plan.

4.  Allied Physicians, Inc. is headquartered in Fort Wayne, Indiana and its primary place of

    business is in Indiana.

5.  LINA issued a group insurance policy to Allied Physicians, Inc., which promises to pay disability benefits to employees of Allied Physicians, Inc. if they are unable to work due to sickness or injury.

6.  The Plan promises to pay disability benefits to employees of Allied Physicians, Inc. if they are unable to work due to sickness or injury.

7.  Venue in the Northern District of Indiana is appropriate by virtue of the Plan being administered in this District.

## II.  FACTUAL ALLEGATIONS

8.  Laura McKenzie worked as a Registered Nurse at Allied Physicians, Inc. from June 2004.

9.  Ms. McKenzie was forced to stop working as a result of the debilitating effects of cervical and lumbar spondylosis and other serious medical conditions.  Her date of disability is June 24, 2009.

10.  Ms. McKenzie applied for long term disability benefits that are provided to Allied Physicians, Inc. employees and insured by LINA.  LINA approved Ms. McKenzie's claim for long term disability benefits until October 22, 2014 when LINA wrongfully terminated her disability benefits in a letter dated October 16, 2014.

11.  Ms. McKenzie submitted an appeal on April 14, 2015.  Ms. McKenzie's appeal is deemed exhausted because a decision was not timely rendered by LINA within the regulatory timeline of 90 days; accordingly, the Court shall hear this matter *de novo*. LINA failed to deliver a determination on Ms. McKenzie's appeal within 90 days of receiving her appeal as required by the ERISA regulations.

12.  Ms. McKenzie has provided significant medical proof of her disability from her treating physicians, who have repeatedly opined that Ms. McKenzie is totally disabled from performing any occupation.

2

13.     Despite this proof, the Defendants refuse to reinstate Ms. McKenzie's disability benefits. As a result of the denial of benefits, Ms. McKenzie suffers from serious financial and emotional distress.

14.     The Social Security Administration adjudicated Ms. McKenzie to be unable to perform any substantial gainful work activity.

15.     The LINA policy does not contain discretionary language.  The Plan Sponsor did not give LINA discretionary authority.

### III.  CLAIM FOR RELIEF

### WRONGFUL DENIAL OF EMPLOYEE BENEFITS

16.     Paragraphs 1-15 are hereby realleged and incorporated herein by reference.

17.     From June 24, 2009, when Laura McKenzie was forced to leave active employment until the present, Ms. McKenzie remains unable to perform the material duties of her regular occupation or any occupation for which she is reasonably qualified based on her education, training or experience.

18.     Ms. McKenzie provided the Defendants with ample medical evidence to verify her disability under the Allied Physicians, Inc. Long Term Disability Plan.

19.     The Defendants have intentionally and without reasonable justification denied Ms. McKenzie's long term disability benefits in violation of the Allied Physician's Inc. Long Term Disability Plan and ERISA.

WHEREFORE, the Plaintiff, Laura McKenzie, requests that this Honorable Court enter Judgment:

A.     Finding that Laura McKenzie is entitled to long term disability benefits and order the Defendants to pay the past due benefits.

B.     Finding that Laura McKenzie is entitled to long term disability benefits and order the Defendants to pay for future monthly benefits as they become due.

C.     Awarding the Plaintiff interest on the amount of back benefits which remain unpaid.

D.  Awarding the Plaintiff reasonable reimbursement for attorneys' fees and costs incurred as a result of the Defendants' wrongful denial of benefits.

E.  Awarding all other relief as may be just and appropriate.

Respectfully Submitted,

s/Bridget O'Ryan_____
Bridget O'Ryan
Attorney for Laura McKenzie
O'Ryan Law Firm
1901 Broad Ripple Avenue
Indianapolis, IN 46220
(317) 255-1000
Fax: (317) 255-1006
boryan@oryanlawfirm.com